UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RUBINDER SINGH, *et al.*,

                Plaintiffs,

        -*against*-

MOHIT TULI,

                Defendant.
-----------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
23-CV-05153 (GRB)(JMW)

**A P P E A R A N C E S:**

Barry E. Janay, Esq.
**Law Office of Barry E. Janay P.C.**
90 Broad Street, 25th Floor
New York, NY 10004
*Attorney for Plaintiffs*

*No appearance by Defendant*

**WICKS,** Magistrate Judge:

      Separate loans were made to a borrower by three different individuals or entities that together total over $80,000. Following non-payment by the borrower, the three sued for breach. No writing, other than checks and banks statement for each of the three, evidence the loan as a single loan. The question before the Court is whether the three "lenders" may "aggregate" their respective loan amounts to satisfy the threshold diversity amount of "at least $75,000." Because the undersigned concludes that under the circumstances presented, they cannot, it is respectfully recommended that this action be dismissed without prejudice.

1

**BACKGROUND AND DISCUSSION**

Plaintiffs commenced this action seeking damages arising out of defendant Mohit Tuli's ("Tuli") alleged breach of contract to repay personal loans that total the amount of $80,650. (DE 1, at 1.) According to the Complaint, Plaintiffs, three of them, agreed to loan money to Defendant to enable the latter to purchase a home with the understanding that Defendant would repay Plaintiffs the amount in full over a twelve-month period. *Id.* The "loan" is described in the Complaint as follows:

> 4. From April 8, 2022, to July 31, 2022, Mr. Singh provided a personal loan through thirteen (13) individual payments in the amount of $24,756.00. (Ex. A).
> 5. From April 4, 2022, to April 15, 2022, Mr. Kaur provided a personal loan through eight (8) individual payments in the amount of $44,894.00. (Ex. B).
> 6. From April 5, 2022, to April 7, 2022, the LLC provided a personal loan through four (4) individual payments in the amount of $11,000.00. (Ex. C).

(DE 1 at ¶¶ 4-6.)

Plaintiffs collectively claim that "[t]welve months have elapsed, and the Plaintiffs have not received any repayments." *Id.* at ¶ 7. They allege two state law causes of action, namely, breach of contract and unjust enrichment. *Id.* at ¶¶ 12-17. There is no allegation of writing evidencing the "loan," rather, Plaintiffs attach as exhibits to the Complaint, a series of checks and bank statements indicating payments went to Defendant.

Upon review of the Complaint, the undersigned determined that a glaring lacuna existed in the Complaint. That is, the Complaint failed to articulate or connect how the three separate loans could be aggregated for purposes of determining whether the jurisdictional threshold amount of $75,000 was established to secure diversity jurisdiction here. As such, the undersigned issued an Electronic Order on July 17, 2023, directing Plaintiffs to show cause why the undersigned should not recommend dismissal of the action. Plaintiffs were directed to

respond in writing on or before July 31, 2023. (Electronic Order July 17, 2023.) To date, Plaintiffs have not filed any response to the Order to Show Cause.

Based upon the foregoing, the Court finds that Plaintiffs -- who bear the burden -- have not established the requisite amount exists to support subject matter jurisdiction, which in this case is predicated on diversity jurisdiction under 28 U.S.C. §1332. *See Gilman v. BHC Secs., Inc.,* 104 F.3d 1418, 1421 (2d Cir. 1997) ("The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."). Plaintiffs allege three separate loans made to Defendant, each of which was made by a different Plaintiff. (DE 1 at 4-6.) None of these loans standing alone exceed the $75,000 threshold amount in controversy requirement. (*See id.*)

Aggregation of claims by multiple plaintiffs, like here, in an attempt to meet the amount in controversy requirement is only permitted in very limited circumstances. *See Gilman,* 104 F.3d at 1422 (aggregation allowed "only when several parties have a common, undivided interest and a single title or right is involved"). Even assuming Plaintiffs agreed to make these loans to Defendant in the same contract, a unitary transaction or incident is not alone sufficient to permit aggregation. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) ("The claims raised by the plaintiffs here are separate and distinct from one another, as they seek recovery for their losses as individuals only, and not collectively."); *Burrell-Hamilton v. Oden*, No. 17-CV-2634 (PGG), 2018 WL 11449490, at *4 (S.D.N.Y. Feb. 12, 2018) (noting that "[t]wo or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount."); *Chase Manhattan Bank, N.A. v. Aldridge,* 906 F. Supp. 870, 875 (S.D.N.Y. 1995) ("It is immaterial that the claims are

transactionally related or that they arise from a common origin or document. Aggregation depends upon the nature of the defendants' liability to the plaintiff, rather than on the source of the right to sue or transactional relatedness of the claims").

There is a paucity of allegations to support a conclusion that the three parties have a common, undivided interest and a single title or right is involved.  Rather, from the face of the Complaint it is clear that the three loaned money independently to Defendant.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Plaintiffs' Complaint be dismissed, without prejudice.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan &*

*Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:      Central Islip, New York
            August 7, 2023

                                            RESPECTFULLY RECOMMENDED,

                                            /S/ *James M. Wicks*

                                                  JAMES M. WICKS
                                        United States Magistrate Judge